IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JAMES M. HARRIS, #67709                                          PETITIONER

VS.                                      CIVIL ACTION NO. 3:05-CV-574-WHB-JCS

MARGARET BINGHAM, Superintendent of CMCF;
and, JIM HOOD, Attorney General                                 RESPONDENTS
_____

### REPORT AND RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE

### Procedural History

James M. Harris was convicted of house burglary in the Circuit Court of Rankin County, Mississippi, after a jury trial conducted on May 20, 2003. He was subsequently sentenced on May 23rd as a habitual offender to a term of twenty five (25) years imprisonment in the custody of the Mississippi Department of Corrections. R. Vol. 3, pp. 191-199.

On direct appeal, Harris assigned as error the following:

- A. The trial court committed reversible error in not granting the accomplice instruction D-2.

- B. The trial court committed reversible error permitting the State to amend the indictment during the trial.

- C. The trial court committed reversible error in allowing prior bad acts in evidence.

- D. The verdict was against the overwhelming weight of the evidence.

On February 22, 2005, the Mississippi Court of Appeals affirmed petitioner's judgment of conviction and sentence in a written opinion. James M. Harris v. State, 907 So.2d 972 (Miss. App. 2005), *reh'g denied,* May 10, 2005, *cert. denied,* July 21, 2005 (Cause No. 2003-KA-02667).

On September 19, 2005, Harris filed the Petition for Writ of Habeas Corpus in this case, raising the issues which he previously asserted in his direct appeal.  The issues are summarized as follows:

> 1.   The trial court erred when it failed to grant defense instruction D-2, a cautionary instruction concerning accomplice, co-defendant testimony.
>
> 2.   The trial court erred by allowing prior bad acts against Harris to be admitted into evidence.
>
> 3.   The trial court erred by allowing the State to amend the indictment during the trial.
>
> 4.   The verdict was against the overwhelming weight of the evidence.

## **Standard of Review**

The applicable portions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-32, 110 Stat. 12144, and the standard of review imposed upon this court by AEDPA, prevent the granting of habeas relief in this action.  Title I of the AEDPA modified 28 U.S.C. § 2254 by providing the following:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court

> shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under AEDPA, where the state court adjudicated the petitioner's claim on the merits, this Court reviews questions of fact under § 2254(d)(2), while questions of law or mixed questions of law and fact are reviewed under §2254(d)(1).  A state court decision is "contrary to" federal law if it is dependent upon principles of law which directly conflict with prior Supreme Court holdings, or reaches a different conclusion than that reached by the Supreme Court on materially indistinguishable facts.   Henderson v. Quarterman, 460 F.3d 654, 659 (5th Cir. 2006).

An "unreasonable application" by a state court decision is where the court "correctly identifies the governing legal principle" but then "unreasonably applies it to the facts of the particular case." Bell v. Cone, 535 U.S. 685, 694 (2002).  Merely an erroneous or incorrect application of federal law is **not** to be considered unreasonable; the state-court's

application must be **objectively** unreasonable before relief may be granted. Rompilla v. Beard, 545 U.S. 374, 380 (2005). *See also* St. Aubin v. Quarterman, ___ F.3d ___, 2006 WL 3360380, *4 , 5th Cir. (Tex.), Nov. 21, 2006) (No. 05-40277).

Factual findings are presumed to be correct, and the Court defers to the state court's decision regarding factual determinations unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000); § 2254(d)(2). The courts have no authority to grant habeas corpus relief simply because "we conclude, in our independent judgment, that a state supreme court's application of [federal] law is erroneous or incorrect." Catalan v. Cockrell, 315 F.3d 491, 493 (5th Cir. 2002).

This Court must determine whether or not the Mississippi Supreme Court's decision was an **unreasonable application** of any clearly established Federal law or either **contrary to** any clearly established Federal law, as set forth in a United States Supreme Court case.

### Facts

The facts of this case are set forth in the Mississippi Supreme Court's decision, at 907 So.2d 974-75, as well as in the trial transcript. James and Sybil White woke up in their home on the morning of October 14, 2001, and

4

found their back door open, their blue Acura missing from the garage, as well as Sybil's purse and keys gone from the kitchen table. The Petitioner was arrested after witnesses reported that they had seen Harris in such a car and that he had told other people that he and Timmy Ray Bowling had robbed a house and taken a car in such a manner.

The State put into evidence the testimony of Christy Lee Johnston and David Shawn Crabb. R. Vol. 2, pp. 108-131; pp. 133-149. These were convicted felons who had been staying with Harris and Timmy Ray Bowling in a house. One of the victims, Sybil White, also testified, as well as Deputy David Ruth. R. Vol. 2, pp. 99-108; Vol. 2 & 3, pp. 149-155. The defense did not call any witnesses.

The Defendant was represented at trial by attorneys William O. Townsend and John R. Elliott, Jr. The State was represented by Assistant District Attorneys John H. Emfinger and Mary Jane Lemon. Circuit Judge William E. Chapman III presided over the trial.

## **Analysis of the Issues and the Applicable Law**

In Ground 1, Harris asserts that the trial court "committed reversible error" by refusing to grant one of his proposed jury instructions. The claim involves a defense-proposed jury instruction wherein the jury was cautioned on the veracity of the testimony of co-defendants. The proposed Instruction D-2 read as follows:

5

> The Court instructs the jury that the testimony of co-defendants may be received as evidence against the Defendant, but should be viewed with caution.

C.P., p. 50.

Specifically, Harris wanted the jury to be cautioned regarding the testimony of witnesses Christy Johnston and David Shawn Crabb. These persons were indicted with Harris on *other* crimes, but were not defendants in the crime which was the basis of the conviction in the instant case. Harris characterizes them as accessories after-the-fact, and noted that since they lived in the same house with him, the trial court should have cautioned the jury that their testimony might be tainted. The trial judge considered this issue at length, as well as considering the defense request to amend D-2 to state their names rather than the generic "co-defendants". R. 166-170; 167, 169. The judge denied the request to amend D-2, finding it might be construed as him improperly commenting on the evidence.

The Mississippi Court of Appeals found no merit in this contention. Citing Ladnier v. State, 878 So.2d 926, 931 (Miss. 2004), the court found that there was no evidence in the record to support a co-defendant or accomplice jury instruction; further, the trial court may refuse a defense instruction that is without foundation in the evidence. Since neither Crabb nor Johnston was indicted with Harris in this case, the undersigned agrees that no evidence appears to support such an instruction.

We find that the state court's ruling did not violate any clearly established federal law and that no relief may be granted on this issue. Generally, challenges to jury instructions may not form a basis for federal habeas corpus relief. Gilmore v. Taylor, 508 U.S. 333, 343-44 (1993). Only if an instruction, or the failure to grant an instruction, was so unfair as to rise to the level of a constitutional violation would relief be appropriate. *Id*. A jury instruction should not be given when the charge is not supported by the evidence, and due process does not require otherwise. Hopper v. Evans, 456 U.S. 605, 611 (1982).

In Ground 2, Harris contends that the trial court "committed reversible error by allowing prior bad acts" into evidence. Petition, p. 13. Specifically, Harris complains that the court allowed testimony on three different occasions during the trial that described his "prior bad acts" and prejudiced the jury against him. One of these was the testimony of Johnston concerning the stolen car and Harris's participation in a "deal." The testimony was as follows:

> Q. Do you recall seeing a blue Acura in the Cedar Lane area?
>
> A. Yes.
>
> Q. Can you tell the ladies and gentlemen of the jury the circumstances under which you first saw that vehicle?

7

> A. That day I had been gone and I had come back, and James Harris was with David Shawn Crabb, I believe his last name is, and they had come back. They had come inside and they were talking about — James Harris was talking about some deal he had just done that day. And we were all just like what are you talking about? And they were talking about-----
>
> (Defense counsel, Mr. Townsend:) Your Honor, we would object and ask the jury be excused.

R. Vol. 2, p. 111.

Outside the jury's presence, the court heard argument of counsel objecting to the testimony regarding the stolen car and the term "deal" being used by the witness. R. Vol. 2, pp. 111-15. The term "deal" apparently referred to drug deals, although the witness did not actually describe any such drug deals in front of the jury. The trial court found that the evidence that a car was stolen was part of the proof of a house burglary in this case, since Mrs. White's purse and keys were stolen from the house; and, that the State should be allowed to introduce testimony placing the defendant in that vehicle. R. Vol. 2, pp. 114-115. The court of appeals agreed, finding that Johnston's testimony was essential to the State's presentation of a "complete and coherent story to the jury." 907 So.2d at 977. Noting the law prohibiting testimony of prior criminal activity, the court found the such evidence may be allowed when it was necessary in order for the jury to hear the full and complete "story of the crime" and to get a

complete picture of the facts. *Id.* As to the language regarding "deal," the state court found that testimony to be non-prejudicial and the objection to it meritless. *Id.*

Harris also contends that Crabb should not have been allowed to testify that he put a pistol to Bowling's head and forced him [Bowling] to go into the victim's house with him during the commission of the crime. R. Vol. 2, p. 138. Noting that no objection was made to this testimony, the court of appeals found that the issue could not be raised for the first time on appeal and that the issue was procedurally barred. *Id.* at 977. The State urges that this issue is also barred from the federal court's review under Coleman v. Thompson, 501 U.S. 722 (1991). We agree that this issue is barred from our review. The Fifth Circuit has found that the Mississippi state courts regularly and consistently apply the contemporaneous objection rule. Wiley v. Puckett, 969 F.2d 86, 102 (5th Cir. 1992); Smith v. Black, 970 F.2d 1383, 1387 (5th Cir. 1992). Hence, since the state court's ruling on this issue rests upon a state law ground which is both independent of the merits of the federal claims and adequate to support the state's judgment, the procedural bar applies. Sawyer v. Collins, 986 F.2d 1493, 1499 (5th Cir. 1992) (citing Harris v. Reed, 489 U.S. 255, 260-63 (1989). We also find that no cause and prejudice to excuse the default has been shown under Coleman v. Thompson. Further, no fundamental miscarriage of justice will result if this issue is not

examined on its merits.  Fairman v. Anderson, 188 F.3d 635, 644 (5th Cir. 1999).

We have examined all of these issues regarding the admissibility of evidence and find that no habeas relief may be granted based on Harris's assertions.  As a general rule, admissibility of evidence is a matter of state law, and even an erroneous evidentiary ruling will not present a constitutional issue reviewable in a habeas corpus petition.  Craine v. Kentucky, 476 U.S. 683, 689 (1986).  Only a contention that the admission of the evidence rendered the trial fundamentally unfair or violated a specific constitutional right will be considered in a federal collateral proceeding.  Edwards v. Butler, 882 F.2d 160, 164 (5th Cir. 1989); Johnson v. Blackburn, 778 F.2d 1044, 1050 (5th Cir. 1985), *citing* Myer v. Estelle, 621 F.2d 769, 771 (5th Cir. 1980).   An evidentiary error in a state trial does not justify federal habeas corpus relief unless it is of such magnitude as to constitute a denial of fundamental fairness under the Due Process Clause.  Castillo v. Johnson, 141 F.3d 218, 222 (5th Cir. 1998) (*citations omitted*); Porretto v. Stalder, 834 F.2d 461, 465 (5th Cir. 1987); Lowenfield v. Phelps, 817 F.2d 285, 296 (5th Cir. 1987).   As to whether the admission of testimony rendered a trial fundamentally unfair, "an unfair trial has been characterized as one that has been `largely robbed of dignity due a rational process.'"  Johnson v. Blackburn, 778 F.2d 1044, 1050 (5th Cir. 1985) *quoting* Menzies

v. Procunier, 743 F.2d 281, 288 (5th Cir. 1984) *quoting* Houston v. Estelle, 569 F.2d 372, 383 (5th Cir. 1978).  The evidence erroneously admitted must have played a "crucial, critical, and highly significant" role in the jury verdict before habeas relief could be granted.  Jackson v. Johnson, 194 F.3d 641, 656 (5th Cir. 1999).

None of the evidentiary errors alleged by Harris meet the standard to warrant habeas relief; in fact, none were even errors under state law, according to the Mississippi courts.  The Mississippi Court of Appeals' decision regarding these rulings is not an unreasonable application of any federal decision regarding these evidentiary matters, nor is it contrary to the Constitution or any federal case.  It is doubtful if any of the testimony Harris complains of in this ground was highly significant to the jury in finding Harris guilty of burglary.   Even so, no habeas relief may be granted.

In Ground 3, the Petitioner contends that the trial court committed "reversible error" by allowing the State to amend the indictment during the trial.  Specifically, the court allowed the State to add the name of the co-owner of the house to the indictment during the trial. R. Vol. 2, pp. 118-19. It initially listed the dwelling  as belonging to "James T. White" and was amended to include "and Sybil F. White" during the trial.  The court of appeals found that this amendment was one of form and not of substance, and that it was not error to allow it.  Citing Greenlee v. State, 725 So.2d

816, 821 (Miss. 1998), as well as other Mississippi cases, the court found that the change would not alter any defenses available to Harris; hence, the amendment was one of form only.

The sufficiency of a state indictment is not a matter for federal habeas relief unless it can be shown that the indictment is so defective that it deprives the court of jurisdiction. McKay v. Collins, 12 F.3d 66, 67 (5th Cir. 1994) *citing* Branch v. Estelle, 631 F.2d 1229 (5th Cir. 1980). Where the state courts have held that an indictment is sufficient under state law, a federal court need not address that issue. Id., *citing* Millard v. Lynaugh, 810 F.2d 1403 (5th Cir.), *cert. denied*, 484 U.S. 838 (1987); Alexander v. McCotter, 775 F.2d 595 (5th Cir. 1985). A claim of insufficiency of the indictment is valid for federal habeas purposes only when under no circumstances could a valid state conviction result from facts provable under the indictment, and that determination must be made under the law of the state where the indictment was issued. Yohey v. Collins, 985 F.2d 222, 229 (5th Cir. 1993).

Because the Mississippi court found the amended indictment valid under Mississippi law, this Court need not address the issue. In our opinion, the amendment was also one of form rather than substance; there is no constitutional violation stated regarding this issue.

In Ground 4, the Petitioner challenges the "weight of the evidence" in his case, and this is not a ground for habeas relief. Young v. Kemp, 760 F.2d 1097, 1105 (11th Cir. 1985), *cert. denied*, 476 U.S. 1123 (1986). He asserts that there were "no facts, and no evidence to support guilt." Petition, p. 15. However, we have considered the evidence presented at Harris's trial to determine if it is constitutionally sufficient to support the guilty verdict under the standard set forth in Jackson v. Virginia, 443 U.S. 307 (1979). Although the Mississippi Court of appeals utilized state law cases and did not specifically cite the Jackson standard, that court did find the verdict was not so contrary to the overwhelming weight of the evidence that allowing it to stand would sanction an unconscionable injustice. 907 So.2d at 978-79 *citing* Todd v. State, 806 So.2d 1086 (Miss. 2001)(*quoting* Crawford v. State, 754 So.2d 1211, 1222 (Miss. 2000)). In our opinion, the state court's decision was **not** an unreasonable application of the Jackson standard.

In Jackson, United States Supreme Court articulated the standard of review to be applied in federal habeas corpus claims that allege that a state court conviction was based on insufficient evidence. The relevant question is, "[w]hether, after viewing the evidence and the reasonable inferences which flow therefrom in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a

reasonable doubt." 443 U.S. at 324; *see also* United States v. Smith, 203 F.3d 884, 887 (5th Cir. 2000), *citing* Jackson; West v. Johnson, 92 F.3d 1385, 1393 (5th Cir. 1996).

The evidence presented by the State included the testimony of the homeowner victim, Mrs. White, as well as the testimony of the witnesses Johnston and Crabb. Johnston testified that Harris told her about seeing a house with the carport open, the garage open, and a purse on the countertop. He further described going in, taking the purse and keys, and then driving off in the blue Acura. Crabb's testimony was similar. The jurors obviously believed Johnston's and Crabb's testimony, even though the jury knew they were felons. Additionally, Officer David Ruth testified that he saw the victim's car near the house in which Harris was staying, and he saw Bowling [Harris's accomplice] driving the stolen vehicle. This evidence is substantial, and the undersigned finds that it clearly meets the Jackson standard. Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found Petitioner guilty beyond a reasonable doubt based on the evidence presented. Moreover, it is well-settled that a federal court may not substitute its own judgment regarding the credibility of witnesses for that of the state courts. Marter v. Blackburn, 777 F.2d 1007, 1012 (5th Cir. 1985); Dunn v. Maggio, 712 F.2d 998, 1001 (5th Cir. 1983).

## **CONCLUSION**

We have thoroughly reviewed both the trial record and the appellate record regarding Harris's conviction for house burglary. The trial was conducted in a fair manner, and we find no errors which have permeated these proceedings so as to render his trial unfair in a constitutional sense.

It is therefore the recommendation of the undersigned United States Magistrate Judge that the petition of James M. Harris be dismissed with prejudice and that a Final Judgment in favor of the Respondents be entered.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation on or before December 22, 2006, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §§636, Douglass v. United Services Automobile Association, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 6th day of December, 2006.

S/ James C. Sumner
UNITED STATES MAGISTRATE JUDGE